IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAY A. FOX, by and through his Guardian ROSE FOX, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 5453 |
| | ) | |
| DR. P. GHOSH, TERRY MCCANN, FORMER WARDEN OF STATEVILLE CORRECTIONAL CENTER, WEXFORD HEALTH SOURCES, INC., IVETTE SANGSTER, LPM, DAVID BARNES, CMT, SEAN ROYCROFT, JOHN BECKER, RN, ROYCE BROWN-REED, OFFICER CURTIS, OFFICER M. BREWER, OFFICER G. MALONE, UNKNOWN CORRECTIONAL OFFICERS, and UNKNOWN MEDICAL PERSONNEL, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Ray A. Fox ("Fox"), through his guardian Rose Fox, filed his First Amended

Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Dr. Partha Ghosh, Terry

McCann, the former Warden of Stateville Correctional Center, Wexford Health Sources, Inc.,

Ivette Sangster, LPN, David Barnes, CMT, Sean Roycroft, John Becker, RN, Royce Brown-

Reed, Officer Curtis, Officer M. Brewer, Officer G. Malone, Unknown Correctional Officers,

and Unknown Medical Personnel for violations of the Fourth, Eighth, and Fourteenth

Amendments and various Illinois state laws.

Currently before this court are Defendants Wexford Health Sources, Inc. ("Wexford")

and Dr. Partha Ghosh's ("Ghosh") (collectively "Wexford Defendants"), and Terry McCann's

("McCann") motions to dismiss Fox's Complaint. (Dkt. Nos. 29 & 30.) For the reasons

explained below, the Wexford Defendants' Motion to Dismiss (Dkt. No. 29) is granted-in-part,

and McCann's Motion to Dismiss (Dkt. No. 30) is granted-in-full.

BACKGROUND

On October 7, 2009, Fox filed his Complaint under 42 U.S.C. § 1983 against various

defendants, including the Wexford Defendants and McCann, alleging violations of his rights

under the Fourth, Eighth, and Fourteenth Amendments and Illinois state laws.

Specifically, Fox alleges that "[o]n or about October 7, 2007, [he] was found

unconscious in his cell [at Stateville Correctional Center] and was bleeding from his head and/or

mouth." (1st Am. Compl. ¶ 11.) According to the Complaint, this incident resulted either from

(1) certain medical personnel defendants' failure to give Fox, or ensure he took, his seizure

medication (*id.* ¶ 16), or (2) certain correctional officer defendants or a third party beating Fox

without justification (*id.* ¶ 17). Fox further alleges that certain defendants "failed to provide him

adequate and/or timely medical attention" after he sustained his initial injuries (*id.*), and that

certain correctional officer defendants "failed to intervene to prevent the violation of Mr. Fox's

constitutional rights even though they had the opportunity to do so" (*id.* ¶ 18). As a result of the

October 2007 incident, Fox alleges that he "has suffered extensive and permanent brain damage

that has, among other things, left him partially blind, unable to walk, disoriented to his

surroundings, and requiring constant supervision." (*Id*. ¶ 21.)

According to Fox's Complaint, during the relevant time period, Wexford was a "Florida

corporation under contract to the State of Illinois to furnish medical care to inmates incarcerated

in the Illinois Department of Corrections" (*id.* ¶ 7) and "promulgated rules, regulations, policies,

2

and procedures for the medical screening, medical treatment, and overall medical care of inmates at the Stateville Correctional Center" (*id.*). Defendant Ghosh, the Complaint alleges, was "employed by Wexford to provide medical services to inmates, including Plaintiff, at Stateville Correctional Center." (*Id.* ¶ 8.) Defendant McCann was the former Warden of Stateville Correctional Center during the period Fox sustained his alleged injuries. (*Id.* ¶ 5.)

The Wexford Defendants and McCann both filed motions to dismiss Fox's Complaint. (Dkt. Nos. 29 & 30.) For the reasons explained below, the Wexford Defendants' Motion to Dismiss (Dkt. No. 29) is granted-in-part, and McCann's Motion to Dismiss (Dkt. No. 30) is granted-in-full.

ANALYSIS

**I.       Wexford Defendants' Motion to Dimiss**

**A.       Failure to Plead Separate Counts**

In their motion to dismiss, the Wexford Defendants first challenge the form of Fox's Complaint, arguing that his failure to plead separate counts violates Federal Rule of Civil Procedure 10(b) and warrants dismissal. The court disagrees. Rule 10(b) only requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense" "[i]f doing so would promote clarity." Fed. R. Civ. P. 10(b).

In this case, the court finds that Fox's Complaint complies with Rule 10(b). First, Fox's claims are not founded on separate incidents but rather a single occurrence: Fox being rendered unconscious and bleeding in his cell on or around October 7, 2007. The alleged inadequate medical attention and beating are alternative theories as to how Fox sustained those injuries, and federal law permits such pleading in the alternative. *See* Fed. R. Civ. P. 8(d)(2) ("A party may

3

set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count

. . . or in separate ones."). Rule 10(b), therefore, does not prohibit Fox's method of pleading his

claims.

Second, the Seventh Circuit repeatedly has acknowledged that a plaintiff's complaint need

not set forth separate counts:

> Although it is common to draft complaints with multiple counts . . . nothing in the
> Rules of Civil Procedure requires this. To the contrary, the rules discourage it.
> Complaints should be short and simple, giving the adversary notice while leaving
> the rest to further documents.

*Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992); *see also NAACP v. Am.*

*Family Mut. Ins.*, 978 F.2d 287, 292 (7th Cir. 1992) ("A complaint should limn the grievance

and demand relief. It need not identify the law on which the claim rests, and different legal

theories therefore do not multiply the number of claims for relief."). Instead, separate counts

"are required only to the extent they are necessary to clarify the claims in the complaint."

*Landmark Document Servs., L.L.C. v. Omega Litig. Solutions, L.L.C.*, No. 05 C 7300, 2006 WL

2861098, at *4 (N.D. Ill. Sept. 29, 2006). In this case, the court finds that Fox has outlined his

claims with sufficient clarity in separately numbered paragraphs to give the Wexford Defendants

notice of his claims.

### 2.      Failure to Obtain a "Certificate of Merit"

The Wexford Defendants also contend that Fox's state law claim for intentional infliction

of emotional distress must be dismissed because Fox failed to obtain a "certificate of merit"

pursuant section 2-622 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-622.[1]  Section 2-

---

[1] Although section 2-622 sounds in procedure, federal courts have applied section 2-622
to state law claims, *see Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir. 2000), and Fox has not

622 requires that "[i]n any action, whether in tort, contract or otherwise in which the plaintiff

seeks damages for injuries or death by reason of medical, hospital, or other healing art

malpractice," the plaintiff must attach to the complaint an affidavit stating that he has consulted

with a health care professional who opines that the plaintiff has "reasonable and meritorious"

cause to file the claim. 735 ILCS 5/2-622(a)-(a)(1).

The purpose of the statute "is to eliminate frivolous lawsuits at the pleading stage."

*Sullivan v. Edward Hosp.*, 806 N.E.2d 645, 656 (Ill. 2004). The Wexford Defendants argue

section 2-622 applies because Fox's intentional infliction of emotional distress claim is based on

the alleged failure "to provide him with adequate medical attention." (Dkt. No. 35, Wexford

Defs.' Reply 2 (quoting 1st Am. Compl. ¶ 25).) Here, the court finds that Fox's failure to obtain

a certificate of merit does not require dismissal of his intentional infliction of emotional distress

claim.

Fox has not asserted a claim against the Wexford Defendants for medical malpractice

(*see* 1st Am. Compl.; *see also* Dkt. No. 34, Pl.'s Response 6), and the Wexford Defendants have

not identified any authority requiring a section 2-622 certificate of merit for an intentional

infliction of emotional distress claim. To the contrary, at least one court in this district has

determined that section 2-622 does not apply to such claims. *See Lindren v. Moore*, 907 F.

Supp. 1183, 1193 (N.D. Ill. 1995).

Moreover, the court finds that Fox's intentional infliction of emotional distress claim is

argued that the statute is merely a state procedural rule inapplicable in federal court.
(continued ...)
(...continued)
Therefore, for purposes of this motion, the court assumes that section 2-622 applies to Illinois
state law claims brought in federal court.

based on the same events giving rise to his section 1983 claims, which do not require a section 2-622 certificate of merit. *See Doe v. City of Chicago*, 883 F. Supp. 1126, 1134 (N.D. Ill. 1994) ("Rule 2-622, as a state procedural rule, is plainly inapplicable to plaintiffs' federal claims."). Under the circumstances of this case, the court finds that allowing Fox's state law claim for intentional infliction of emotional distress to proceed without first requiring him to obtain a certificate of merit neither violates Illinois law nor contravenes the purpose of section 2-622. Consequently, the Wexford Defendants' request to dismiss Fox's intentional infliction of emotional distress claim for failure to obtain a certificate of merit is denied.

### 3. Section 1983 Claims Against Defendant Wexford

Defendant Wexford also argues the claims against it must fail because "there is no respondeat superior liability under §1983." (Dkt. No. 29, Wexford Defs.' Mot. Dismiss Pl.'s Compl. ¶ 10.) Because Wexford is correct that section 1983 does not support claims based on *respondeat superior*, *see, e.g.*, *Ashcroft v. Iqbal*, 129 U.S. 1937, 1948 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."), to the extent Fox's section 1983 claims are based on such a liability theory (*see* 1st Am. Compl. ¶ 39 ("Defendant Wexford Health Sources, Inc. is a principal liable for all torts committed by its agents.")), those claims are dismissed with prejudice.

Nevertheless, a corporate entity such as Wexford may be liable for violating an inmate's constitutional rights under section 1983 when the entity acts under the color of state law and "maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917,

927 & n.1 (7th Cir. 2004) (citation omitted). In this case, the court finds that Fox has alleged

sufficient facts to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the

section 1983 claims against Wexford.

In ruling on a Rule 12(b)(6) motion to dismiss, the court must "construe the complaint in

the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and

drawing all possible inferences in [his] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th

Cir. 2008). As the U.S. Supreme Court explained in *Iqbal,* however, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements" are insufficient to state

a claim. 129 S. Ct. at 1950. Nevertheless, even after *Iqbal*, a plaintiff must provide "only

enough detail to give the defendant fair notice of what the claim is and the grounds upon which it

rests, and, through his allegations, show that it is plausible, rather than merely speculative, that

he is entitled to relief." *Reger Dev., L.L.C. v. Nat'l City Bank*, No. 09-2821, 2010 WL 174083,

at *3 (7th Cir. Jan. 20, 2010) (citation & internal quotations omitted). Here, the court finds that

Fox has alleged specific facts, which the court at this stage must assume are true, to provide

Wexford with notice of Fox's claims and demonstrate that he is plausibly entitled to relief.

According to his Complaint, Fox "suffers from epilepsy and requires seizure medication

to control his seizures," (1st Am. Compl. ¶ 10), and "[o]n or about October 7, 2007, [he] was

found unconscious in his cell and was bleeding from his head and/or mouth" (*id.* ¶ 11). Fox

further alleges that certain medical provider defendants, including Wexford's employees, "did

not give [him] his seizure medication and/or did not ensure that Mr. Fox took his seizure

medication even though they knew that a substantial risk of serious harm existed if he did not

receive this necessary medication to treat his objectively serious need." (*Id.* ¶ 16.)

7

Additionally, Fox avers that Wexford "was under contract to the State of Illinois, through the Department of Corrections, to provide health care to inmates in Illinois prisons such as Stateville Correctional Center, including Plaintiff" (1st Am. Compl. ¶ 29) and "maintained a policy or procedure under which inmates with serious medical conditions, such as Plaintiff, were routinely denied access to proper or sufficient medication and/or medical care." (1st Am. Compl. ¶ 30; *see also id.* ¶¶ 31-37.) Viewing these facts in the light most favorable to Fox, the court finds that Fox's Complaint pleads sufficient facts under *Iqbal* to state a section 1983 claim against Wexford.

## II.     McCann's Motion to Dismiss

In McCann's motion, he argues that Fox's claims against him must be dismissed for three reasons: (1) Fox has not alleged that McCann was personally involved in the alleged constitutional violations; (2) McCann is entitled to Eleventh Amendment immunity because Fox's claims are based on actions McCann took in his official capacity; and (3) Fox has not sufficiently alleged a conspiracy. The court agrees with McCann that Fox's Complaint fails to state a claim against him.

As discussed above, *respondeat superior* liability is not applicable to section 1983 claims. Nor can a plaintiff sue government officials in their official capacity under section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). However, a defendant in a supervisory role, such as McCann, may be liable for a constitutional violation if he was personally responsible for the violation, i.e., "if he directed the conduct that caused the constitutional violation, or if it occurred with his knowledge or consent." *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *see also id.* at 651 ("The supervisors must know about

the conduct and facilitate it, approve it, condone it or turn a blind eye for fear of what they might see.") (citation omitted).

In this case, Fox has not sufficiently alleged that McCann is personally liable for his purported injuries. Fox's Complaint merely avers that McCann "knew about [the other defendants'] conduct and facilitated, approved, condoned, or turned a blind eye to it" (1st Am. Compl. ¶¶ 19, 26), and "promulgated rules, regulations, policies, or procedures as Warden of Stateville Correctional Center that directly resulted in [the other defendants'] conduct." (*Id.*) The court finds that these allegations are precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" which the Supreme Court found insufficient to state a claim against a government official in *Iqbal. See* 129 S. Ct. at 1949, 1951. Fox's section 1983 claims against McCann, therefore, are dismissed without prejudice.

McCann additionally argues that Fox has failed to state a claim against him for conspiracy, and the court agrees for two reasons. First, because the court has found that Fox has failed state a section 1983 claim against McCann, Fox's conspiracy claim against McCann necessarily fails. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions."). Second, the court finds that Fox's conspiracy allegations against McCann are insufficient to state a claim under *Iqbal.* As the Seventh Circuit has explained, "Even before *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, a bare allegation of conspiracy was not enough to survive a motion to dismiss for failure to state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (internal citations omitted). Fox's Complaint includes the following allegations related to McCann's involvement

in the alleged conspiracy:

> Defendants Ghosh, Sangster, Barnes, Roycroft, Brown-Reed, Becker, Curtis, Malone, Brewer, McCann, Unknown Medical Personnel and Unknown Correctional Officers also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

(1st Am. Compl. ¶ 25.)  Notably, the Complaint fails to allege any specific facts tying McCann to the purported conspiracy.  Without such facts, the court finds that these conclusory allegations are insufficient under *Iqbal* to state a conspiracy claim against McCann.  *See Cooney*, 583 F.3d at 971.

Because the court has dismissed Fox's federal claims against McCann, Fox's remaining state law claims against McCann similarly are dismissed for lack of jurisdiction.  *See* 28 U.S.C. § 1367.

## CONCLUSION

Consequently, for the reasons stated above, Wexford's Motion to Dismiss (Dkt. No. 29) is granted-in-part.  McCann's Motion to Dismiss (Dkt. No. 29) is granted-in-full, and the claims against McCann are dismissed without prejudice.  Fox has until February 16, 2010 to file a Second Amended Complaint consistent with this order, should the facts support his allegations and he choose to do so.  The case is set for status at 9:00 a.m. on February 23, 2010 to set further dates.

ENTER:

*James F. Holderman*

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date:   January 26, 2010