IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAY A. FOX, by and through his<br>Guardian, ROSE FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 5453 |
| | ) | |
| DR. P. GHOSH, TERRY MCCANN, FORMER<br>WARDEN OF STATEVILLE CORRECTIONAL<br>CENTER, WEXFORD HEALTH SOURCES,<br>INC., IVETTA SANGSTER, LPN, DAVID<br>BARNES, CMT, SEAN ROYCROFT, ROYCE<br>BROWN-REED, OFFICER ROSALINE CURTIS<br>OFFICER MICHAEL BREWER, OFFICER<br>GEORGE MALONE, and UNKNOWN<br>CORRECTIONAL OFFICERS and UNKNOWN<br>MEDICAL PERSONNEL, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge Holderman |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Plaintiff, RAY FOX, by his attorneys, LOEVY & LOEVY, hereby respectfully submits

this motion to compel discovery from Defendants Wexford, Ghosh, Sangster, and Roycroft

(collectively, "Wexford Defendants").  In support of this motion, Plaintiff states as follows:

**Introduction**

As this Court is aware, Plaintiff Ray Fox brought this action pursuant to 42 U.S.C. § 1983

to redress the violation of his constitutional rights.  Plaintiff alleges that, while he was

incarcerated at Stateville Correctional Center in September and October 2007, the Defendants

failed to provide him with adequate medical attention and were deliberately indifferent to his

objectively serious medical needs.  As a result, Plaintiff has suffered severe physical disability

and physical and emotional injuries, including permanent and extensive brain damage.

1

**Factual Background**

To prove his claims, Plaintiff served his First Set of Interrogatories to Defendants Ghosh and Sangster, Second Set of Interrogatories to Defendant Wexford, and First Set of Requests for Production to Defendants Wexford, Ghosh, and Sangster on March 17, 2010 (collectively, "First Round of Discovery"). *See* Exhibit A (discovery served by Plaintiff on March 17, 2010). In addition, on May 13, 2010, Plaintiff served his First Set of Interrogatories and Requests for Production to Defendant Roycroft, his Second Set of Interrogatories to Defendants Roycroft, Ghosh, and Sangster, and his Third Set of Interrogatories to Defendant Wexford (collectively, "Second Round of Discovery"). *See* Exhibit B (discovery served by Plaintiff on May 13, 2010).

The Wexford Defendants responded to Plaintiff's First Round of Discovery on June 16, 2010. *See* Exhibit C (Wexford Defendants' responses to First Round of Discovery). On June 17, 2010, Plaintiff wrote to the Wexford Defendants pursuant to Local Rule 37.2 regarding Plaintiff's concerns with some of Defendants' objections and responses. *See* Exhibit D (Letter from plaintiff's counsel dated June 17, 2010).

On July 16, 2010, the Wexford Defendants responded via letter, *see* Exhibit E (Letter from defense counsel dated July 16, 2010), and on July 19, 2010, counsel for Plaintiff and Defendants conferred via telephone regarding this discovery. *See* Exhibit F (Letter from plaintiff's counsel dated July 28, 2010). In a letter dated July 28, 2010, Plaintiff requested that the Wexford Defendants either supplement their discovery responses or confirm that they were refusing to supplement their responses by the end of the week so that Plaintiff could raise the issue with the Court if Defendants intended to stand on their objections. *See id.* In an e-mail dated August 9, 2010, the Wexford Defendants produced some additional documents, but they

did not produce many of the documents (or supplemental interrogatory responses) that Plaintiff

had requested. *See* Exhibit G (E-mail exchange between counsel dated August 9, 2010).

Although the parties have reached compromises and resolved many of their discovery

disputes, Defendants stand on their objections with respect to some of Plaintiff's discovery

requests. Moreover, with respect to Plaintiff's Second Round of Discovery, which was served

on May 13, 2010, responses to this discovery are now two months overdue. Despite extensions

granted by Plaintiff, *see* Exhibits F and H (Letter from Plaintiff's counsel dated July 13, 2010),

Defendants have not yet responded or provided a date certain by which they will respond, *see*

Exhibit G. Thus, Plaintiff moves to compel, as detailed below.

**I.      Plaintiff Seeks A Date Certain By Which Wexford Defendants Must Respond to Plaintiff's Second Round of Discovery And Agreed Portions of Plaintiff's First Round of Discovery**

With respect to Plaintiff's Second Round of Discovery, Plaintiff simply seeks a date

certain by which the Wexford Defendants are ordered to respond. As discussed, responses to

this discovery are over two months overdue. Plaintiff has already allowed two extensions for the

Wexford Defendants to respond to this discovery, *see* Exhibits F and H, and although the

Defendants have, in principle, agreed to respond, they still have not provided a date certain by

which they will respond, *see* Exhibit G.

Moreover, Plaintiff has been prejudiced by Defendants' refusal to provide their

objections in a timely manner. Despite timely propounding this discovery on May 13, 2010,

Plaintiff has been prevented from addressing any of his concerns with Defendants' discovery

responses. Because Defendants have not provided objections within 30 days, those objections

should be deemed waived. "Failure to timely assert objections to discovery requests may result

in a waiver of all objections that could have been seasonably asserted." *Autotech Technologies*

*Ltd. Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill 2006) (citing

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992)); *see also* Fed. R. Civ. P. 33(b)(4),

34(b)(2)(a).

Thus, Plaintiff requests that this Court deem all objections to his Second Round of

Discovery waived and order the Wexford Defendants to produce responses and responsive

documents within one week.

With respect to certain portions of Plaintiff's First Round of Discovery, the Wexford

Defendants have agreed in principle to supplement their discovery responses and produce

responsive documents, but again, they have failed to actually produce those responses by the

dates promised. *See* Exhibits F and G. These include:

- **Wexford's Responses to Interrogatory Nos. 5, 8, 10, 12**, to which Wexford had

  agreed to produce revised responses and responsive documents by July 30, 2010,

  *see* Exhibit F at 1;

- **Wexford's Responses to Request to Produce No. 11**, to which Wexford had

  agreed to produce revised responses and responsive documents by July 30, 2010,

  *see id.*; and

- **Wexford's Responses to Request to Produce Nos. 15 & 16** (with No. 15 limited

  to work schedules, work locations, duties and responsibilities of all individual

  medical Defendants from 9/24/07 to 10/7/07, and with No. 16 limited to all

  documents reflecting the names, work schedules, work assignment location, and

  duties and responsibilities of all health care personnel or other individuals

  responsible for administering medication or medical care to inmates at Stateville

or Stateville NRC from 9/24/07 to 10/7/07), to which Wexford had agreed to

produce responsive documents, *see* Exhibit F at 2.

In light of the discovery schedule that this Court has set, Plaintiff simply cannot allow the

Wexford Defendants to continue this self-help stay on discovery. Thus, Plaintiff requests that

this Court order the Wexford Defendants to produce supplemental responses and responsive

documents to these requests and interrogatories within one week.

**II.      Ghosh & Sangster's Response to Interrogatory No. 3, Wexford's Response to Interrogatory No. 4, and Wexford's Response to Request No. 7**

These interrogatories seek information concerning complaints made against the Wexford

Defendants concerning failure to provide adequate medical care. *See* Exhibit A at 14, 18.

Request No. 7 to Wexford seeks all complaints against Wexford alleging inadequate medical

care by inmates. *See* Exhibit A at 4. Defendants objected on the grounds that these

interrogatories and requests are overbroad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence. *See* Exhibit C at 3, 17, 24, 32. Plaintiff then

agreed to limit these interrogatories to whether there has ever been any complaints made against

Wexford or the individual Defendants for failure to provide medical care at Stateville or

Stateville NRC since September 2002 (five years preceding the incident at issue). *See* Exhibit F

at 1. Plaintiff agrees to similarly limit Request No. 7 to Wexford. Since the Wexford

Defendants have not responded to Plaintiff's request that they provide a response by July 30,

2010, Plaintiff assumes that they stand on their objections.

Defendants' objections are unfounded. They have not stated with specificity what makes

this discovery "unduly burdensome," as required under the Federal Rules. *See Schapp v.*

*Executive Industries, Inc.*, 130 F.R.D. 384, 386-87 (N.D. Ill. 1990) ("General objections are not

proper….The objecting party must specify the nature of the burden and provide specific

5

explanations as to why the interrogatory cannot be answered."). This discovery is reasonably calculated to lead to the discovery of admissible evidence concerning any pattern or practice on the part of Defendants of failing to provide adequate medical care to inmates, evidence under Federal Rule of Evidence 404(b), and impeachment evidence. For instance, if numerous complaints concerning inadequate medical care have been filed against either Wexford or the individual Defendants, this would be relevant evidence in establishing absence of mistake, knowledge, or intent on the part of the Defendants in Plaintiff's case. *See, e.g.*, *Estate of Novack ex. rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners."); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) ("For purposes of § 1983, we have treated a private corporation acting under color of state law as though it were a municipal entity.") (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)); *cf. Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct … Moreover, disciplinary records concerning any similar factual allegations may be relevant and admissible under Rule 404(b) to prove, motive, intent, and/or modus operandi."). It may also be probative evidence concerning punitive damages against the individual Defendants.

Thus, Defendants should be ordered to respond and produce responsive documents.

### III. Wexford's Response to Request to Produce No. 6 and Ghosh and Sangster's Responses to Request No. 18

Request to Produce No. 6 to Wexford seeks documents relating to the administration of health care services at Stateville, including training records, qualifications, evaluations, and discipline of health care providers. *See* Exhibit A at 4. Similarly, Request No. 18 to Defendants

Ghosh and Sangster seeks documents related to their medical credentials, including training and evaluations. *See* Exhibit A at 11. Defendants objected on the grounds that these Requests were overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Exhibit C at 2, 8, 12. Plaintiff agreed to limit Request No. 6 to the training records, qualifications, evaluations, and discipline (from September 2002 to the present) of all health care personnel at Stateville or Stateville NRC who were responsible for the provision of medical care or medication to Plaintiff. *See* Exhibit F at 1-2. Since the Wexford Defendants have not responded to Plaintiff's request that they provide a response by July 30, 2010, Plaintiff assumes that they stand on their objections.

Defendants' objections are unfounded. They have not stated with specificity why these requests are "unduly burdensome," as required under the Federal Rules. *See Schapp*, 130 F.R.D. at 386-87. Moreover, these requests are not unduly burdensome, since Request No. 18 seeks only the training, disciplinary, and performance evaluation records of the individual Defendants in this case: Ghosh and Sangster, and Request No. 6 seeks similar information from September 2002 to the present for all health care personnel who were responsible for providing medical care or medication to Plaintiff. Plaintiff has sought this information for all health care personnel responsible for providing care to Plaintiff because there are as-yet unidentified individual Defendants. Finally, the documents requested may be probative of pattern, knowledge, or absence of mistake on the part of Defendants, and they are likely to lead to the discovery of admissible evidence on punitive damages and Rule 404(b) evidence.

Thus, Defendants should be ordered to produce responsive documents.

**IV.      Wexford's Response to Request to Produce No. 19**

This Request seeks contract compliance audits from 2002 to the present.  *See* Exhibit A at 5; Exhibit F at 2.  Defendant Wexford has objected on the grounds that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  *See* Exhibit C at 3.  Since Defendant has not responded to Plaintiff's request for a supplemental response by July 30, 2010, Plaintiff assumes that it stands on its objections.

Defendant's objections are unfounded.  First, Defendant has not specified why this request is unduly burdensome to answer, as required by the Rules.  Second, this request is reasonably calculated to lead to the discovery of admissible evidence.  Wexford contracts with the Illinois Department of Corrections to provide medical services to inmates.  Pursuant to this contract, Wexford is regularly audited to determine whether it is in fact complying with its contractual obligations to provide medical care that meets the acceptable standards of care.  The contract compliance audits are relevant because, if, for instance, the audits show that Wexford regularly breaches its contract and violates the acceptable standards of care, that would be probative of a pattern of misconduct, knowledge, or absence of mistake on the part of Defendants.  *See, e.g.*, *Adams v. Health Professionals, Ltd.*, 2010 WL 415389, at *2 (S.D. Ill. Feb. 1, 2010) ("With respect to medical personnel, the Court will infer deliberate indifference if poor treatment decisions represent a substantial departure from accepted professional judgment.") (citing *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)).  Third, this request is not overly broad because in order to demonstrate a widespread practice, Plaintiff must seek discovery covering a sufficient time period prior to the incident in question.

Thus, Defendant should be ordered to produce responsive documents.

WHEREFORE, Plaintiff respectfully requests that this Court grant this motion to compel

discovery and order Defendants to respond to these interrogatories and produce responsive

documents within one week.

Respectfully submitted,


/s/ Elizabeth Wang
Attorney for Plaintiff

Arthur Loevy
Michael Kanovitz
Jon Loevy
Elizabeth Wang
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
312-243-5900