IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAY A. FOX, by and through his Guardian, ROSE FOX, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 5453 |
| DR. P. GHOSH, TERRY MCCANN, FORMER WARDEN OF STATEVILLE CORRECTIONAL CENTER, WEXFORD HEALTH SOURCES, INC., IVETTA SANGSTER, LPN, DAVID BARNES, CMT, SEAN ROYCROFT, ROYCE BROWN-REED, OFFICER ROSALINE CURTIS OFFICER MICHAEL BREWER, OFFICER GEORGE MALONE, and UNKNOWN CORRECTIONAL OFFICERS and UNKNOWN MEDICAL PERSONNEL, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge Holderman Magistrate Judge Brown |
| Defendants. | ) | JURY TRIAL DEMANDED |

## QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A. The following words and terms are defined for purposes of this qualified protective order:

　　1. "Parties" shall mean plaintiffs, defendants, and any additional party that this Court may subsequently recognize as subject to this qualified protective order, and their attorneys.

　　2. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996. Public Law 104-191 (1996).

　　3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2002). The Privacy Standards define and limit the circumstances in which an individual's protected health information may be used or disclosed. Under the Privacy Standards health care providers may disclose protected health information where the individual who is the subject of the information authorizes the disclosure in writing. *See* 45 C.F.R 164.502(a).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. A separate authorization shall be necessary before any records pertaining to any alcohol or other drug treatment may be disclosed.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. For good cause shown and found by this Court, "Confidential Matter" shall mean information pertaining to private financial data, personal addresses, personal telephone numbers, birth dates, social security numbers, inmate ID numbers, and driver's license numbers of any Plaintiff, Defendant, party's family member, witness, or other non-party. Confidential Matter shall also include names of non-parities who have made prior complaints of inadequate medical care.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The Parties shall be familiar with HIPAA and the Privacy Standards.

2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. The Parties will store all PHI and/or Confidential Matter while it is in their possession in a confidential manner as set forth in this Order and pursuant to the Privacy Standards.

3. The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or

2

dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action. If the Confidential Matter is not timely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for costs and fees of compelling such return.

4. This protective order shall extend to all PHI documenting the following:

   (a) the physical or mental condition of Ray A. Fox from September 24, 2002 through the present;

   (b) the provision of care for any physical or mental condition or injury to Ray A. Fox from September 24, 2002 through the present;

   (c) the payment for care for any physical or mental medical treatment provided to Ray A. Fox from September 24, 2002 through the present.

   (d) the physical or mental condition of any non-party former and/or current IDOC inmates from September 24, 2002 through the present;

   (e) the provision of care for any physical or mental condition or injury to non-party former and/or current IDOC inmates from September 24, 2002 through the present; and

   (f) the payment for care for any physical or mental medical treatment provided to any non-party former and/or current IDOC inmates from September 24, 2002 through the present.

If, through the course of discovery, the parties that determine treatment outside of this time period is relevant, they will meet and confer about discovery of additional medical records. A separate protective order and authorization shall be necessary before any other medical records may be disclosed, including records pertaining to mental health records, 740 ILCS 110/3, and records pertaining to any alcohol or other drug treatment. 42 U.S.C. §§ 290dd-2, 290ee-3; 42 C.F.R. § 2.63; 20 ILCS 301/30-5(bb).

3

5.     The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**CONFIDENTIAL**

**or**

**CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 09 C 5453**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6.     Before disclosing PHI documents and/or Confidential Matter to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7.     To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8.     By this Protective Order, the discovering Party does not waive its right to make application to the Court, with proper notice, under the procedure set out by the court or under applicable rules, to the producing Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the producing party does not contain confidential information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed. R. Civ. P. 26(c), with the burden on the party seeking to designate the document confidential.

9. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

10. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

11. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing confidential information shall **NOT** be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record.

12. After the case is closed in the District Court the parties may obtain the return of any previously-sealed or previously restricted documents by a motion filed within a specified time period after the case is closed. Counsel are free to agree on that specified time period, but they should not designate more than a 63-day period. Any documents that are not so withdrawn will become part of the public case file, and the protective order must so provide.

_[signature]_
GERALDINE SOAT BROWN
Magistrate District Judge, U.S. District Court

Entered: September 7, 2010