IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAY A. FOX, by and through his Guardian ROSE FOX, | ) ) ) | |
| Plaintiff, | ) ) | No.09 C 5453 |
| v. | ) ) ) ) | Judge Holderman<br>Magistrate Judge Brown |
| DR. P. GHOSH, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS DR. CONSTANTINE PETERS, JAMES BECKER AND WEXFORD HEALTH SOURCES, INC.'S MOTION IN LIMINE #7**

Defendants, DR. CONSTANTINE PETERS, JAMES BECKER and WEXFORD HEALTH SOURCES, INC, by their attorneys, CHARYSH & SCHROEDER, LTD., move this Honorable Court to enter an order in limine barring plaintiff, his counsel and Mila Carlson, from presenting testimony concerning any post-deposition investigation, and in support thereof state:

1. Mila Carlson was disclosed by plaintiff as providing testimony regarding a life plan for the future care of Mr. Fox. Specifically, the "Life Care Plan is a tool used for the purpose of estimating medical and nonmedical needs of the person with a catastrophic injury. The Life Care Plan estimates and projects the costs and frequency of identified goods and services over an estimated life span." (See Report of Mila Carlson, Introduction, attached as Exhibit A.)

2. As part of her life care plan, Ms. Carlson opined about certain residential facilities which may be appropriate for Mr. Fox. Two of these facilities are claimed to be

connected to a national network of providers called "NeuroRestrorative." There are facilities in Des Plaines and Carbondale. Ms. Carlson did not visit either of these facilities to determine their suitability. (See p. 94, line 12-14 of Carlson's deposition, Exhibit B) While she thought it would be important to do so, she had not done so. (See p. 95 line 21 – page 96 line 7, Exhibit B)

   3. Ms. Carlson also opined that long term nursing care may be appropriate for Mr. Fox. She suggested Elmwood Care and Dolton Health Care. (See p. 108, line 12-19, Exhibit B) She also never visited these facilities. (See p. 110, line 11-17, Exhibit B)

   4. At her deposition on November 9, 2011, Carlson testified that she planned to visit the residential facilities and the long term nursing care facilities before trial. (See p. 98, line 1-5 and page 113, line 18-20, Exhibit B) The reason she had not previously visited these locations was because of time. (See p. 96, line 4-7, Exhibit B).

   5. Federal Rule of Civil Procedure 26(e)(2) provides:

 **Expert Witness**. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

   6. No disclosures regarding additional work performed by Carlson have been made. Plaintiff should not now be allowed to supplement the investigation conducted by his expert witness. Plaintiff's expert witness disclosures were due on August 9, 2011, and Carlson's deposition was taken November 9, 2011. Plaintiff should be bound by the

investigation plaintiff's expert performed in relation to the preparation of her report, not investigation conducted after her deposition was taken which has not been properly disclosed.

WHEREFORE, defendants DR. CONSTANTINE PETERS, JAMES BECKER and WEXFORD HEALTH SOURCES, INC, respectfully request this Honorable Court grant this motion and enter an order in limine prohibiting plaintiff from presenting or eliciting any testimony regarding any investigation conducted by Ms. Carlson after her deposition was taken, and such other relief as the Court deems just and proper.

CHARYSH & SCHROEDER, LTD.

 /s/Richard A. Tjepkema

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

      The undersigned attorney certifies that on January 19, 2010, this notice was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on
, with proper postage prepaid.

                                                                                                                 s/ Richard A. Tjepkema