# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5453 | **DATE** | 1/18/2012 |
| **CASE TITLE** | Fox vs. Ghosh et al. | | |

**DOCKET ENTRY TEXT**

The court proposes to provide the jury the attached Preliminary Verdict Form and Agreed Statement of Uncontested Facts prior to opening statements on January 23, 2012. The court also proposes to read to the jury the attached Preliminary Jury Instructions before opening statements on January 23, 2012. The court also attaches its proposed Final Jury Instructions. The court's resolution of the parties' objections are included in the Statement section of the order. Counsel are to voice any objections to the Verdict Form, the Preliminary Jury Instructions, or the Final Jury Instructions at the Final Pretrial Conference at 4 pm on 1/19/12.

■ [ For further details see text below.]

Docketing to mail notices.

---

# STATEMENT

Except where indicated below, the court has adopted the parties' agreed jury instructions, although it has modified some of the agreed instructions for clarity. The court has resolved the contested jury instructions as follows:

**Plaintiff's Proposed Jury Instruction #1**

The Seventh Circuit "requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence to support the tendered instruction." *Spesco, Inc. v. Gen. Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983). This court therefore rejects the proposed instruction, subject to reconsideration if the plaintiff produces evidence at trial of an intentional act by the defendants to destroy or lose the logbooks.

**Agreed Proposed Jury Instruction #20**

The court declines to give this instruction because it is redundant with the agreed statement of uncontested facts.

**Plaintiff's Proposed Jury Instruction #2; Wexford Defendants' Proposed Jury Instruction #5**

The plaintiff proposed an instruction taking judicial notice of four facts that the jury should accept as true. The defendants agree that facts (1) and (2), the life expectancies of a 49 year-old male and 49 year-old African American male, should be included, but object to the inclusion of (3) and (4), the facts included in the FDA informational package inserts for Dilantin and Phenobarbital.

The court declines to take judicial notice of the (3) and (4) because they are not facts "capable of accurate

and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is true that a court may take judicial notice of "reports of administrative bodies," *Lamers Dairy Inc. v. U.S. Dept. of Agr.*, 379 F.3d 466, 471 (7th Cir. 2004), but it generally does so to establish the fact that the information in the reports was reported to the public, or to establish the occurrence of an administrative action, not to establish the truth of the contents of the reports, as plaintiff proposes. *See Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 273 (3d Cir. 2007).

As to (1) and (2), the court proposes to include the facts in the Agreed Statement of Uncontested Facts, to avoid unnecessarily confusing the jury with a second set of facts that it must consider as proved. The court therefore rejects the proposed instructions.

## Plaintiff's Proposed Jury Instruction #3

The court declines to give this instruction because the court has determined that Fox has not brought a state law claim for intentional infliction of emotional distress.

## Plaintiff's Proposed Jury Instruction #4; IDOC Defendants' Proposed Jury Instruction #21; Wexford Defendants' Proposed Jury Instruction # 6

The court accepts these instructions, but rejects the defendants' proposal to list all of the defendants in each element, as it is unnecessary and confusing to the jury.

## Plaintiff's Proposed Jury Instruction #5; IDOC Defendants' Proposed Jury Instruction # 23; Wexford Defendants' Proposed Jury Instruction # 7

The court has included plaintiff's proposed ostrich instruction, because the evidence may show that certain of the defendants strongly suspected that Fox faced a substantial risk of serious harm because of his medical condition, but did not investigate further to determine whether he in fact faced such a risk. The court has rejected the IDOC Defendants' proposed changes to the Seventh Circuit Pattern Instruction.

## Plaintiff's Proposed Jury Instruction #6

The court has included this instruction, because the parties have stipulated that Dr. Peters was the Medical Director of Stateville NRC, which is evidence that he supervised the medical practices of others. (Dkt. No. 250 ¶ 2(a)(v).)

## Plaintiff's Proposed Jury Instruction #7; Wexford Defendants' Proposed Jury Instruction # 8

The court has included these instructions, but has altered them because a corporation may be liable in these circumstances even if no individual defendant was liable. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010) (stating that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an inconsistent verdict," and listing the elements of a claim that a municipality is liable for deliberate indifference to a prisoner's serious medical needs).

## Agreed Proposed Jury Instruction #21

The court has included this instruction, but has altered it to match Seventh Circuit Pattern Jury Instruction 7.20. It is inappropriate to include "an act or omission ratified by the policymakers of Wexford" as a definition

of "official policy." *See Thomas*, 604 F.3d at 303.

**Plaintiff's Proposed Jury Instruction #8; Wexford Defendants' Proposed Jury Instruction # 9**

The court has included these instructions, but modified them to accurately state the standard of failure to train for a deliberate indifference case. The court rejects the defendants' proposal to limit the instructions to include only NRC nurses' training in dispensing medication.

**Plaintiff's Proposed Jury Instruction # 9-11; IDOC Defendants' Proposed Jury Instruction #24; Wexford Defendants' Proposed Jury Instruction #10-12**

The court has rejected these instruction because the court has determined that Fox has not brought a state law claim for intentional infliction of emotional distress.

**Plaintiff's Proposed Jury Instruction # 12; IDOC Defendants' Proposed Jury Instruction #26; Wexford Defendants' Proposed Jury Instruction #13**

The court adopts the plaintiff's instruction, and overrules the defendants' objections. If no evidence is introduced at trial as to plaintiff's past medical bills, the court may reconsider this decision. The court also rejects the defendants' proposed nominal damages instruction, because this is not a no-injury case. *See Clarett v. Roberts*, 657 F.3d 664, 673 (7th Cir. 2011)

**Plaintiff's Proposed Jury Instruction # 13**

The court finds that there is evidence to support a punitive damages award, and adopts this instruction.

**Plaintiff's Proposed Jury Instruction # 14**

The court has adopted this instruction because the principle of the egg-shell skull rule, that "the tortfeasor takes his victim as he finds him" is applicable even when the defendant knows of the plaintiff's preexisting condition. *Richman v. Sheahan*, 512 F.3d 876, 883 (7th Cir. 2008). Indeed, it is all the more applicable, because any resulting injuries are then reasonably foreseeable.

**Plaintiff's Proposed Jury Instruction # 15**

The court declines to adopt this instruction, although it will revisit the question if evidence of the individual Defendants' finances is introduced.

**IDOC Defendants' Proposed Jury Instruction #20; Wexford Defendants' Proposed Jury Instruction #4**

The court declines to give these instructions because they is redundant with the substantive instructions on plaintiff's claim of deliberate indifference, which makes clear that each defendant must be personally involved for liability to attach.

**IDOC Defendants' Proposed Jury Instruction #22**

The court rejects this instruction because the parties have stipulated that Fox's seizure disorder was a serious medical need.

| STATEMENT |
|---|

**Wexford Defendants' Proposed Jury Instruction # 2**

    The court rejects this instruction because it may confuse the jury by instructing them that it can only consider the conduct of each defendant in the case against that defendant, when Plaintiff's *Monell* theories require the consideration of others' conduct in some cases.

The following instructions are rejected because they are redundant with other agreed instructions:
    IDOC Defendants' Proposed Jury Instructions #1-19, 25
    Wexford Defendants' Proposed Jury Instructions #1, 3

*James F. Holderman*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

09C5453 Fox vs. Ghosh et al.

RAY A. FOX, by and through his Guardian )
ROSE FOX, )
 )
       Plaintiff, )
 )
     v. )     No. 09 C 5453
 )
WEXFORD HEALTH SOURCES, INC., )
DAVID BARNES, CMT, OFFICER ROSALINE )
CURTIS, OFFICER MICHAEL BREWER, )
CONSTANTINE PETERS, J. PASQUA, )
MARLON BROWN, J. ENCARNACION, )
MICHAEL R. BORKOWSKI, JOSEPH P. )
SHEEHY, KAREN FRYER, JAMES F. BECKER, )
UNKNOWN CORRECTIONAL OFFICERS, and )
UNKNOWN MEDICAL PERSONNEL, )
 )
       Defendants. )

## FINAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

In this case, Defendants are a corporation, employees of the corporation, and government officials. Plaintiff Ray Fox is a private citizen. All parties are equal before the law. All parties in this case are entitled to the same fair consideration that you would give any individual person.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion

on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

During the trial, certain testimony was presented to you by the reading of deposition(s) and/or video. You should give this testimony the same consideration you would give it had the witness(es) appeared and testified here in court.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you

make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, I was outside a minute ago and I saw it raining. <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements made before the trial by either a witness under oath or a party to the case as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony here in court of that witness or party.

With respect to other witnesses, the law is different. If you decide that, before the trial, one

of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You have heard evidence that certain witnesses have been convicted of crimes. You may consider this evidence only in deciding whether these witnesses' testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You must give separate consideration to each claim and each party in this case. Although there are several defendants, it does not follow that if one is liable, any of the others is also liable.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

09C5453 Fox vs. Ghosh et al.

**Plaintiff Ray Fox's Eighth Amendment Claim for Failure to Provide Medical Attention**

I.      **Individual Defendants Barnes, Curtis, Brewer, Peters, Pasqua, Brown, Encarnacion, Borkowski, Sheehy, Fryer, and Becker**

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1.      Plaintiff had a serious medical need;

2.      The Defendant you are considering was deliberately indifferent to Plaintiff's serious medical need; and

3.      The conduct of the Defendant you are considering caused harm to Plaintiff.

The parties have stipulated that Plaintiff had a seizure disorder, and that Plaintiff's seizure disorder is a serious medical need. You must treat these facts as proven for the purposes of this case.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages.

When I use the term "deliberately indifferent," I mean that the Defendant you are considering actually knew of a substantial risk of serious harm, and yet consciously disregarded this risk by failing to take reasonable measures to deal with it. If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.

If you find that a particular Defendant strongly suspected that things were not as they seemed, yet shut his eyes for fear of what he would learn, you may conclude that he was deliberately indifferent. You may not conclude that a particular Defendant was deliberately indifferent if he was merely careless in failing to discover the truth.

II.     **Supervisor Constantine Peters**

In addition to Plaintiff's claim against Defendant Constantine Peters as an individual, Plaintiff has also brought a claim against Peters because of Peters's actions as a supervisor.

To succeed on his claim against Peters because of Peters's actions as a supervisor, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more of the staff Peters supervised was deliberately indifferent to Plaintiff's serious medical need;

2. Peters knew that the staff he supervised had a practice of ignoring inmates' serious medical needs or turned a blind eye to a serious risk that the staff would not respond reasonably to inmates' serious medical needs;

3. By allowing the staff to operate in this manner, Peters condoned or facilitated one or more staff member's failure to respond reasonably to Plaintiff's serious medical need;

4. As a result, Plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Peters, and you will not consider the question of damages.

## III.    Corporation Wexford Health Sources, Inc.

You must also consider whether Defendant Wexford Health Sources, Inc., a corporation, is liable for deliberate indifference to Plaintiff's serious medical need. Wexford is not liable simply because it employed or directed one of the persons who was deliberately indifferent to Plaintiff's serious medical need. Wexford may be liable in two different ways.

### A.    Official Policy or Custom

First, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1. Wexford's official policy, or Wexford's failure to adopt a policy, caused an unreasonable failure to address Plaintiff's serious medical need;

2. Wexford's policy-makers, _____, were aware of the risk of harm to Plaintiff created by Wexford's official policy, or Wexford's failure to adopt a policy; and

3. Wexford's policy-makers, _____, failed to take appropriate steps to protect Plaintiff.

09C5453 Fox vs. Ghosh et al.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should go on to consider whether Wexford is liable because of a failure to train (Part B below).

When I use the term "official policy," I mean:
- A rule, regulation, or policy passed, adopted, or ratified by Wexford;

- A decision or policy statement made by _____, the policy-making officials of Wexford; or

- A custom of deliberate indifference to the serious medical needs of inmates that is persistent and widespread, so that it is Wexford's standard operating procedure. A persistent and widespread pattern may be a custom even if Wexford has not formally approved it, so long as Plaintiff proves that _____, the policy-making officials of Wexford knew of the pattern and allowed it to continue. This includes a situation in which _____, the policy-making officials of Wexford, must have known about a subordinate's actions or failures to act by virtue of _____'s position.

**B.      Failure to Train**

Alternatively, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1.      Wexford's training program was not adequate to train its employees to properly handle the serious medical needs of inmates;

2.      Wexford policy-makers, _____, knew that more or different training was needed to avoid likely causing its employees to be deliberately indifferent to inmates' serious medical needs, or that this was obvious to _____; and

3.      Wexford's failure to provide adequate training caused its employees to be deliberately indifferent to Plaintiff's serious medical need.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Wexford, and you will not consider the question of damages.

## The Question of Damages

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. If you find that Plaintiff has failed to prove his claim against a particular defendant, then you will not consider the question of damages as to that defendant.

When considering the question of damages, you may not deny or limit Plaintiff's right to damages resulting from this occurrence because any injury resulted in part from a pre-existing condition that rendered the Plaintiff more susceptible to injury.

## I.      Compensatory Damages

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find Plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the failure to provide Plaintiff with medical attention or medication. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.      The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received, as well as the present value of the care and supplies that Plaintiff is reasonably certain to need and receive in the future. When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

2.      The physical and mental or emotional pain and suffering and disability that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

## II.  Punitive Damages

If you find for a Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against the particular Defendant you have found liable. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future. Each Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a particular Defendant. You may assess punitive damages only if you find that a particular Defendant's conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

– the reprehensibility of Defendant's conduct;

– the impact of Defendant's conduct on Plaintiff;

– the relationship between Plaintiff and Defendant;

– the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and

– the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A verdict form has been prepared for you. I will read it to you.

The Official Verdict Form will be brought to you in the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the Official Verdict Form, and all of you will sign it, reflecting your agreement with the verdict you as the jury have reached.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| RAY A. FOX, by and through his Guardian | ) |
| ROSE FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        No. 09 C 5453 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DAVID BARNES, CMT, OFFICER ROSALINE | ) |
| CURTIS, OFFICER MICHAEL BREWER, | ) |
| CONSTANTINE PETERS, J. PASQUA, | ) |
| MARLON BROWN, J. ENCARNACION, | ) |
| MICHAEL R. BORKOWSKI, JOSEPH P. | ) |
| SHEEHY, KAREN FRYER, JAMES F. BECKER, | ) |
| UNKNOWN CORRECTIONAL OFFICERS, and | ) |
| UNKNOWN MEDICAL PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

Members of the jury, I will give you a preliminary overview of the law that relates to this trial that you, as the jury, are to apply to the facts in deciding this case. This overview is given to you at this time to help you better understand the parties' positions as the evidence is presented to you during the trial. Although this preliminary overview of the law is given to you now, it is the final instructions on the law that I will read to you before your deliberations that you should use in deciding the case.

At that time, I will give each of you a hard copy of the final instructions on the law and it is the final instructions on the law, as I said, that you should use in deciding the case.

The Plaintiff in this case is Ray Fox, a 49-year-old man from Chicago. He brings this case through his mother and guardian, Rose Fox. Mr. Fox was incarcerated at the Illinois Department of Corrections' Northern Reception and Classification Center from September 24, 2007, through October 7, 2007.

Wexford Health Sources, Inc. is a company that contracted to provide medical care to inmates at the NRC.

At the time he was admitted to the NRC, Mr. Fox had a history of seizures, for which he required anti-seizure medications.

Mr. Fox claims that employees of Wexford Health Sources, Inc. prescribed an inadequate dosage of his anti-seizure medication and ignored his requests for medication and medical attention. Mr. Fox further claims that certain correctional medical technicians and correctional officers ignored his requests for medication and medical attention. Mr. Fox claims that he was injured as a result of the defendants' conduct.

Wexford denies Mr. Fox's claims and asserts he was provided proper medication and medical care. Defendant correctional medical technicians and correctional officers deny that they ignored Fox's requests for medication and medical attention, and deny that any requests were made to them.

In a civil lawsuit like this one, the burden is on the party bringing the claim to prove every element of the claim by a "preponderance of the evidence." A preponderance of the evidence simply means evidence that persuades you that the claim is more probably true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof establishes each element of the claim by a preponderance of the evidence, then you should find for the party bringing that claim. If the proof fails to establish any element of the claim by a preponderance of the evidence, then you should find for the party against whom the claim was brought.

09C5453 Fox vs. Ghosh et al.

I will now discuss Plaintiff's claim that the defendants failed to provide him medical attention.

**Plaintiff Ray Fox's Eighth Amendment Claim for Failure to Provide Medical Attention**

**I.   Individual Defendants Barnes, Curtis, Brewer, Peters, Pasqua, Brown, Encarnacion, Borkowski, Sheehy, Fryer, and Becker**

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1.   Plaintiff had a serious medical need;

2.   The Defendant you are considering was deliberately indifferent to Plaintiff's serious medical need; and

3.   The conduct of the Defendant you are considering caused harm to Plaintiff.

The parties have stipulated that Plaintiff had a seizure disorder, and that Plaintiff's seizure disorder is a serious medical need. You must treat these facts as proven for the purposes of this case.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages.

When I use the term "deliberately indifferent," I mean that the Defendant you are considering actually knew of a substantial risk of serious harm, and yet consciously disregarded this risk by failing to take reasonable measures to deal with it. If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.

If you find that a particular Defendant strongly suspected that things were not as they seemed, yet shut his eyes for fear of what he would learn, you may conclude that he was deliberately indifferent. You may not conclude that a particular Defendant was deliberately indifferent if he was merely careless in failing to discover the truth.

**II.   Supervisor Constantine Peters**

In addition to Plaintiff's claim against Defendant Constantine Peters as an individual, Plaintiff has also brought a claim against Peters because of Peters's actions as a supervisor.

To succeed on his claim against Peters because of Peters's actions as a supervisor, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more of the staff Peters supervised was deliberately indifferent to Plaintiff's serious medical need;

2. Peters knew that the staff he supervised had a practice of ignoring inmates' serious medical needs or turned a blind eye to a serious risk that the staff would not respond reasonably to inmates' serious medical needs;

3. By allowing the staff to operate in this manner, Peters condoned or facilitated one or more staff member's failure to respond reasonably to Plaintiff's serious medical need;

4. As a result, Plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Peters, and you will not consider the question of damages.

## III. Corporation Wexford Health Sources, Inc.

You must also consider whether Defendant Wexford Health Sources, Inc., a corporation, is liable for deliberate indifference to Plaintiff's serious medical need. Wexford is not liable simply because it employed or directed one of the persons who was deliberately indifferent to Plaintiff's serious medical need. Wexford may be liable in two different ways.

### A. Official Policy or Custom

First, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1. Wexford's official policy, or Wexford's failure to adopt a policy, caused an unreasonable failure to address Plaintiff's serious medical need;

2. Wexford's policy-makers, _____, were aware of the risk of harm to Plaintiff created by Wexford's official policy, or Wexford's failure to adopt a policy; and

3. Wexford's policy-makers, _____, failed to take appropriate steps to protect Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should go on to consider whether Wexford is liable because of a failure to train (Part B below).

When I use the term "official policy," I mean:
- A rule, regulation, or policy passed, adopted, or ratified by Wexford;

- A decision or policy statement made by _____, the policy-making officials of Wexford; or

- A custom of deliberate indifference to the serious medical needs of inmates that is persistent and widespread, so that it is Wexford's standard operating procedure. A persistent and widespread pattern may be a custom even if Wexford has not formally approved it, so long as Plaintiff proves that _____, the policy-making officials of Wexford knew of the pattern and allowed it to continue. This includes a situation in which _____, the policy-making officials of Wexford, must have known about a subordinate's actions or failures to act by virtue of _____'s position.

## B.    Failure to Train

Alternatively, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1.    Wexford's training program was not adequate to train its employees to properly handle the serious medical needs of inmates;

2.    Wexford policy-makers, _____, knew that more or different training was needed to avoid likely causing its employees to be deliberately indifferent to inmates' serious medical needs, or that this was obvious to _____; and

3.    Wexford's failure to provide adequate training caused its employees to be deliberately indifferent to Plaintiff's serious medical need.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Wexford, and you will not consider the question of damages.

### The Question of Damages

If you find that a Plaintiff has proved any of his claims, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover and report the amount of damages on your verdict form. If you find that a Plaintiff has failed to prove any of his claims, then you will not consider the question of damages. I will instruct you on the law regarding damages at the end of the trial.

As I stated earlier, although this preliminary overview of the law is given to you now to help you better understand the evidence as it is presented at the trial, it is the final instructions on the law that I will read to you and physically give to you in the form of a hard copy for each of you that you should use in reaching your verdict as the jury in this trial.

In this case, the parties have already stipulated, or agreed, to certain facts in the Agreed Statement of Uncontested Facts, which has been given to you. You must now treat these agreed facts as having been proved for the purpose of this case.

As members of the jury, you may submit written questions for a witness to answer if you feel you need more information after the lawyers have finished questioning the witness. We do not expect you will have questions, but if you do, here is how the procedure works: After each witness has testified and the lawyers have asked all of their questions, if you have a question, you should write it down on a sheet of paper from your notebook, fold it over and hold it up. My clerk will retrieve it and then photocopy it, so I can speak with the lawyers about it as I must.

You may submit a question for a witness to clarify or help you understand the evidence. Our experience with juror questions indicates that a juror will rarely have more than a few questions for one witness, and there may be no questions for some witnesses.

If you submit a question, the court staff will provide it to me and I will share your question with the lawyers in the case. If your question is permitted under the rules of evidence, I will read your question to the witness so that the witness may answer it. In some instances, I may modify the form or phrasing of a question so that it is proper under the rules of evidence. On other occasions, I may not allow the witness to answer a question, either because the question cannot be asked under the law or because another witness is in a better position to answer the question. Of course, if I cannot allow the witness to answer a question, you should not draw any conclusions from that fact or speculate on what the answer might be.

Here are several important things to keep in mind about your questions for the witnesses:

First, all questions must be submitted in writing. Please do not ask questions orally of any witness.

Second, witnesses may not be recalled to the witness stand for additional juror questions, so if you have a question for a particular witness, you should submit it at the end of that witness's testimony.

Finally, as jurors you should remain neutral and open throughout the trial. As a result, you should always phrase any questions in a neutral way that does not express an opinion about the case or a witness.

Also, at various times during the trial the lawyers will address you. You will soon hear the lawyers' opening statements, and at the end of the trial you will hear their closing arguments. From time to time in between, the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence that was previously presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not themselves evidence.

I will now say a few words about your responsibilities as jurors.

First, it is your job to decide this case on the evidence presented here in court. You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards, social networking sites, such as Facebook, or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberations and verdict, you are not to discuss the case with your fellow jurors.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

09C5453 Fox vs. Ghosh et al.

RAY A. FOX, by and through his Guardian )
ROSE FOX, )
                                              )
               Plaintiff, )
                                              )
       v. )       No. 09 C 5453
                                              )
WEXFORD HEALTH SOURCES, INC., )
DAVID BARNES, CMT, OFFICER ROSALINE )
CURTIS, OFFICER MICHAEL BREWER, )
CONSTANTINE PETERS, J. PASQUA, )
MARLON BROWN, J. ENCARNACION, )
MICHAEL R. BORKOWSKI, JOSEPH P. )
SHEEHY, KAREN FRYER, JAMES F. BECKER, )
UNKNOWN CORRECTIONAL OFFICERS, and )
UNKNOWN MEDICAL PERSONNEL, )
                                              )
              Defendants. )

## <u>PRELIMINARY VERDICT FORM</u>

## Part I

I.     On the plaintiff's Eighth Amendment Claim for failure to provide medical attention against the individual defendants, we, the jury, find as follows:


For Plaintiff _____               For Brewer        _____

For Plaintiff _____          For Encarnacion        _____

For Plaintiff _____          For Pasqua            _____

For Plaintiff _____          For Brown             _____

For Plaintiff _____          For Rashad            _____

For Plaintiff _____          For Fryer             _____

For Plaintiff _____          For Borkowski         _____

For Plaintiff _____          For Sheehy            _____

For Plaintiff _____          For Barnes            _____

For Plaintiff _____          For Becker            _____

For Plaintiff _____          For Peters            _____

II.     On the plaintiff's Eighth Amendment Claim for failure to provide medical attention against
Constantine Peters as a supervisor, we, the jury, find as follows:

For Plaintiff _____          For Peters            _____

III.    On the plaintiff's Eighth Amendment Claim for failure to provide medical attention against
Wexford Health Sources, Inc., we, the jury, find as follows:

For Plaintiff _____          For Wexford Health Sources, Inc. _____

If you found for Plaintiff on any claim above, continue to Part II.  If you found for Defendants on all claims above, do not answer Part II.

**Part II**

I.      We, the jury, assess compensatory damages for the injuries suffered by Ray Fox in the amount of:   $ _____

II.     We, the jury, assess punitive damages against the defendants as follows:

Brewer              $_____

Encarnacion         $_____

Pasqua              $_____

Brown               $_____

Rashad              $_____

Fryer               $_____

Borkowski           $_____

Sheehy              $_____

Barnes              $_____

Becker              $_____

Peters                  $_____

Wexford Health
Sources, Inc.           $_____


**Part III**


Please each sign and date below.  Then notify the marshal.  The Foreperson should bring this signed and dated Verdict Form into the courtroom to return the Jury's Verdict.


_____        _____
Foreperson                              Juror


_____        _____
Juror                                   Juror


_____        _____
Juror                                   Juror


_____        _____
Juror                                   Juror


Date: _____

09C5453 Fox vs. Ghosh et al.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| RAY A. FOX, by and through his Guardian | ) | |
| ROSE FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 5453 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| DAVID BARNES, CMT, OFFICER ROSALINE | ) | |
| CURTIS, OFFICER MICHAEL BREWER, | ) | |
| CONSTANTINE PETERS, J. PASQUA, | ) | |
| MARLON BROWN, J. ENCARNACION, | ) | |
| MICHAEL R. BORKOWSKI, JOSEPH P. | ) | |
| SHEEHY, KAREN FRYER, JAMES F. BECKER, | ) | |
| UNKNOWN CORRECTIONAL OFFICERS, and | ) | |
| UNKNOWN MEDICAL PERSONNEL, | ) | |

)
Defendants.                                  )

## AGREED STATEMENT OF UNCONTESTED FACTS

1.      Ray Fox was incarcerated at the Northern Reception and Classification Center from September 24 to October 7, 2007.

2.      When Mr. Fox was admitted to the NRC he weighed approximately 130 pounds.

3.      Ray Fox had a history of a seizure disorder (or epilepsy) at the time he was incarcerated at the NRC in 2007. Mr. Fox had a history of seizure disorder (or epilepsy) for at least several years.

4.      Epilepsy or seizure disorder is an objectively serious medical condition.

5.      Dr. Constantine Peters was the Medical Director of the NRC in September and October 2007.

6.      At the time of the events in this case, Wexford Health Sources, Inc. contracted with the Illinois Department of Corrections to provide health care to inmates at NRC.

7.      Ray Fox was found unresponsive in his cell on the morning of October 7, 2007.

8.      When Ray Fox was taken to the emergency room at Provena St. Joseph Hospital in Joliet on October 7, 2007, his blood levels of Dilantin and Phenobarbital were found to be 2.6 mcg/mL and 4 mcg/mL, respectively.

9.      According to the National Vital Statistics Reports, the average life expectancy for a 49 year-old male in the United States is 30 years.

10.    According to the National Vital Statistics Reports, the average life expectancy for a 49 year-old African American male in the United States is 30 years.