# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5453 | **DATE** | 1/18/2012 |
| **CASE TITLE** | Fox vs. Ghosh et al. | | |

**DOCKET ENTRY TEXT**

Pending before the court is the Wexford Defendants' Motion in Limine #9 to bar Plaintiff Fox's State Law Claim for Intentional Infliction of Emotional Distress [243]. For the reasons listed in the Statement section of the Order, that motion is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Fox alleged in the First Amended Complaint that "Defendants' conduct also constitutes state law intentional infliction of emotional distress." (Dkt. No. 25 ¶ 28.) Fox deleted that allegation, however, in the Second (Dkt. No. 49) and Third Amended Complaints (Dkt. No. 109). The Second and Third Amended Complaints begins by stating that "[t]his action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution." (Dkt No. 49 ¶ 1; Dkt. No. 109 ¶ 1.) At no point in its sixty-one paragraphs does the Third Amended Complaint explicitly mention a state law claim for intentional infliction of emotional distress. Moreover, the summary judgment briefing from both sides mentioned only a § 1983 claim, and there was no indication from either side during discovery or other pretrial proceedings after the filing of the Second Amended Complaint that Fox was pursuing a claim for intentional infliction of emotional distress ("IIED") until Fox requested its inclusion in the final pretrial order submitted on January 12, 2012.

An IIED claim requires the plaintiff to prove that "(1) the defendant engaged in 'extreme and outrageous' conduct toward the plaintiff, (2) the defendant intended or recklessly disregarded the probability that the conduct would cause the plaintiff to suffer emotional distress, (3) the plaintiff endured 'severe or extreme' emotional distress, and (4) the defendant's conduct actually and proximately caused the plaintiff's distress." *Ulm v. Memorial Med. Ctr.*, 2012 WL 34246, at *7 (Ill. App. Jan. 6, 2012) (quoting *Hayes v. Ill. Power Co.*, 587 N.E.2d 559, 563 (Ill. App. 1992)). Fox points to ¶ 39 of the Third Amended Complaint, which includes elements (1) and (2):

> As described more fully herein, Defendants Peters, Sangster, Barnes, Roycroft, Becker, Brown-Reed, Borkowski, Sheehy, Fryer, Curtis, Brewer, McCann, Wexford, Pasqua, Brown, Encarnacion, Unknown Medical Personnel and Unknown Correctional Officers *engaged in extreme and outrageous conduct* with respect to Plaintiff, to wit, they refused to provide him with

**STATEMENT**

> adequate medical attention despite his objectively serious need. This misconduct was rooted in an abuse of power or authority, and *it was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.*

(emphasis added). Paragraph 60 of the Third Amended Complaint alleges the other two elements:

> The acts and omissions of Wexford, through its medical care providers, as set forth herein, and actions engaged in by Defendants predicated on the policies and procedures described herein, individually and collectively, *caused the Plaintiff to endure great pain and suffering which caused the Plaintiff severe emotional distress.*

(emphasis added). Thus, diverse paragraphs of the Third Amended Complaint include all the elements of an IIED claim.

Nonetheless, the purpose of the pleadings is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted), a function that the Third Amended Complaint fails to perform here. The Third Amended Complaint begins with a declaration that it alleges a § 1983 claim, and its contents are chiefly addressed to that claim. When parts of diverse paragraphs 39 and 60 of the Third Amended Complaint are read together, they set forth in a conclusory manner the elements of an IIED claim, but the Third Amended Complaint fails to announce or articulate that it is raising an additional IIED claim, and it fails to indicate the precise factual grounds on which such a claim rests. The elements of the purported IIED claim are separated by over twenty paragraphs of the complaint, making it even more unlikely that a defendant would notice them and conclude that the plaintiff raised an IIED claim. As a practical matter, the defendants here were in fact unaware of the IIED claim until Fox raised it in his proposed pretrial order.

Even more telling, Fox remained silent about the IIED claim throughout the litigation until this late hour, suggesting that plaintiff was content to let the defendants proceed unaware of the claim. To allow plaintiff to assert that claim now would be prejudicial to the defendants, who have not had an opportunity to seek discovery on that claim or to prepare for trial on that claim. The court will not allow litigants to conceal claims in a complaint, only to reveal them just before trial to the surprise of the defendants. Accordingly, the defendants' Motion in Limine #9 to bar Plaintiff Fox's State Law Claim for Intentional Infliction of Emotional Distress (Dkt. No. 243) is granted.

*James F. Holderman*