# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5453 | **DATE** | 1/20/2012 |
| **CASE TITLE** | Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al. | | |

**DOCKET ENTRY TEXT**

The court has discussed the proposed jury instructions off-the-record at the Final Pretrial Conference held on 1/19/12. The court has considered the objections that counsel have raised, and its rulings are in the Statement section of the order. A revised set of preliminary and final jury instructions are filed in the record.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

First, the court overrules defendants' objection to the inclusion of the ostrich instruction in the instructions on Plaintiff's claim for failure to provide medical attention against the individual defendants, because the evidence may show that certain of the defendants strongly suspected that Plaintiff Ray Fox faced a substantial risk of serious harm because of his medical condition, but did not investigate further to determine whether he in fact faced such a risk. Specifically, the jury may conclude that the CMTs and correctional officers who may have passed by Fox's cell while he was asking for medical attention may have heard enough to give them a strong suspicion of Fox's medical needs, and yet have declined to investigate further.

Second, the court overrules defendants' objection to the inclusion of Seventh Circuit Pattern Jury Instruction 7.17 regarding the liability of supervisors, and its objection to the exclusion of Seventh Circuit Pattern Jury Instruction 7.02 requiring the personal involvement of the defendants to hold them liable. The parties have stipulated that Dr. Peters was the Medical Director of Stateville NRC, and there is other evidence that he supervised the medical practices of others. Consequently, it is appropriate to instruct the jury that he may be held responsible for the actions of his subordinates. The court declines to instruct the jury that the other defendants must be personally involved to be found liable, because that instruction is redundant with the substantive instructions on plaintiff's claim of deliberate indifference, which makes clear that each defendant must be personally involved for liability to attach.

Third, the court overrules defendants' objection to the court's determination that Dr. Peters is the final policymaker for Wexford Health Sources, Inc., as explained in Dkt. No. 349.

Fourth, the court sustains plaintiff's objection to the reference to "employees" in the failure to train instruction. To match the evidence that the plaintiff's counsel asserts will be introduced as to Wexford's supervision of IDOC officers, "its employees" will be replaced with "Wexford's employees or Department of Corrections officers."

Fifth, the court sustains plaintiff's objection to the inclusion of the phrase "was aware of the risk of harm to Plaintiff" in the instruction on corporate liability because of official policy or custom. In accordance with *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), the court will substitute the phrase "was aware of the risk of harm to the health of inmates such as Plaintiff."

Sixth, the court sustains plaintiff's objection to the phrase "a custom of deliberate indifference to the serious medical needs of inmates" in the jury instructions' definition of "official policy," and accepts plaintiff's proposal to substitute "a custom of failing to respond reasonably to the serious medical needs of inmates." The court agrees with plaintiff that a corporation may be liable under § 1983 because of a custom or policy even if none of its employees are liable. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010) (stating that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an inconsistent verdict," and listing the elements of a claim that a municipality is liable for deliberate indifference to a prisoner's serious medical needs). Instructing the jury that there must be a "custom of deliberate indifference" raises the danger that the jury will interpret that instruction to require a custom of *individual employees* being deliberately indifferent to the serious medical needs of inmates, rather than that the corporation have a custom of being deliberately indifferent. It is true that "deliberate indifference" requires Wexford additionally to be aware of the substantial risk to inmate health, while "failing to respond reasonably to the serious medical needs of inmates," leaves that requirement out. The requirement of Wexford's knowledge is covered in the element #2 of the requirements for liability for corporate official policy or custom, so leaving it out of the definition of "official policy" does not misstate the law.

*James F. Holderman*

**IN THE UNITED STATES DISTRICT COURT**

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

| | | |
|---|---|---|
| RAY A. FOX, by and through his Guardian | ) | |
| ROSE FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 5453 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| DAVID BARNES, CMT, OFFICER ROSALINE | ) | |
| CURTIS, OFFICER MICHAEL BREWER, | ) | |
| CONSTANTINE PETERS, J. PASQUA, | ) | |
| MARLON BROWN, J. ENCARNACION, | ) | |
| MICHAEL R. BORKOWSKI, JOSEPH P. | ) | |
| SHEEHY, KAREN FRYER, JAMES F. BECKER, | ) | |
| UNKNOWN CORRECTIONAL OFFICERS, and | ) | |
| UNKNOWN MEDICAL PERSONNEL, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

In this case, Defendants are a corporation, employees of the corporation, and government officials. Plaintiff Ray Fox is a private citizen. All parties are equal before the law. All parties in this case are entitled to the same fair consideration that you would give any individual person.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

During the trial, certain testimony was presented to you by the reading of deposition(s) and/or video. You should give this testimony the same consideration you would give it had the witness(es) appeared and testified here in court.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, I was outside a minute ago and I saw it raining. <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements made before the trial by either a witness under oath or a party to the case as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony here in court of that witness or party.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

You have heard evidence that certain witnesses have been convicted of crimes. You may consider this evidence only in deciding whether these witnesses' testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You must give separate consideration to each claim and each party in this case. Although there are several defendants, it does not follow that if one is liable, any of the others is also liable.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

**Plaintiff Ray Fox's Eighth Amendment Claim for Failure to Provide Medical Attention**

**I.    Individual Defendants Barnes, Curtis, Brewer, Peters, Pasqua, Brown, Encarnacion, Borkowski, Sheehy, Fryer, and Becker**

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1.    Plaintiff had a serious medical need;

2.    The Defendant you are considering was deliberately indifferent to Plaintiff's serious medical need; and

3.    The conduct of the Defendant you are considering caused harm to Plaintiff.

The parties have stipulated that Plaintiff had a seizure disorder, and that Plaintiff's seizure disorder is a serious medical need. You must treat these facts as proven for the purposes of this case.    If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages.

When I use the term "deliberately indifferent," I mean that the Defendant you are considering actually knew of a substantial risk of serious harm, and yet consciously disregarded this risk by failing to take reasonable measures to deal with it. If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.

If you find that a particular Defendant strongly suspected that things were not as they seemed, yet shut his eyes for fear of what he would learn, you may conclude that he was deliberately indifferent. You may not conclude that a particular Defendant was deliberately indifferent if he was merely careless in failing to discover the truth.

**II.    Supervisor Constantine Peters**

In addition to Plaintiff's claim against Defendant Constantine Peters as an individual, Plaintiff has also brought a claim against Peters because of Peters's actions as a supervisor.

To succeed on his claim against Peters because of Peters's actions as a supervisor, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    One or more of the staff Peters supervised was deliberately indifferent to Plaintiff's serious medical need;

2.    Peters knew that the staff he supervised had a practice of ignoring inmates' serious medical needs or turned a blind eye to a serious risk that the staff would not respond reasonably to inmates' serious medical needs;

3.    By allowing the staff to operate in this manner, Peters condoned or facilitated one or more staff member's failure to respond reasonably to Plaintiff's serious medical need;

4.    As a result, Plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Peters, and you will not consider the question of damages.

## III.    Corporation Wexford Health Sources, Inc.

You must also consider whether Defendant Wexford Health Sources, Inc., a corporation, is liable for deliberate indifference to Plaintiff's serious medical need. Wexford is not liable simply because it employed or directed one of the persons who was deliberately indifferent to Plaintiff's serious medical need. Wexford may be liable in two different ways.

### A.    Official Policy or Custom

First, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1.    Wexford's official policy, or Wexford's failure to adopt a policy, caused an unreasonable failure to address Plaintiff's serious medical need;

2.    Dr. Constantine Peters, who is a policymaking official of Wexford, was aware of the risk of harm to the health of inmates such as Plaintiff created by Wexford's official policy, or Wexford's failure to adopt a policy; and

3.    Dr. Constantine Peters, who is a policymaking official of Wexford, failed to take appropriate steps to protect Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should go on to consider whether Wexford is liable because of a failure to train (Part B below).

When I use the term "official policy," I mean:
- A rule, regulation, or policy passed, adopted, or ratified by Wexford;

- A decision or policy statement made by Dr. Constantine Peters, who is a policymaking official of Wexford; or

- A custom of failing to respond reasonably to the serious medical needs of inmates that is persistent and widespread, so that it is Wexford's standard operating procedure. A persistent and widespread pattern may be a custom even if Wexford has not formally approved it, so long as Plaintiff proves that Dr. Constantine Peters, who is a policymaking official of Wexford, knew of the pattern and allowed it to continue. This includes a situation in which Dr. Constantine Peters, who is a policymaking official of Wexford, must have known about a subordinate's actions or failures to act by virtue of Dr. Constantine Peters's position.

## B.    Failure to Train

Alternatively, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1.    Wexford's training program was not adequate to train Wexford's employees or Department of Corrections officers to properly handle the serious medical needs of inmates;

2.    Dr. Constantine Peters, who is a policymaking official of Wexford, knew that more or different training was needed to avoid likely causing Wexford's employees or Department of Corrections officers to be deliberately indifferent to inmates' serious medical needs, or that this was obvious to Dr. Constantine Peters; and

3.    Wexford's failure to provide adequate training caused Wexford's employees or Department of Corrections officers  to be deliberately indifferent to Plaintiff's serious medical need.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Wexford, and you will not consider the question of damages.

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

**The Question of Damages**

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. If you find that Plaintiff has failed to prove his claim against a particular defendant, then you will not consider the question of damages as to that defendant.

When considering the question of damages, you may not deny or limit Plaintiff's right to damages resulting from this occurrence because any injury resulted in part from a pre-existing condition that rendered the Plaintiff more susceptible to injury.

**I.     Compensatory Damages**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find Plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the failure to provide Plaintiff with medical attention or medication. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.     The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received, as well as the present value of the care and supplies that Plaintiff is reasonably certain to need and receive in the future. When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

2.     The physical and mental or emotional pain and suffering and disability that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

## II.    Punitive Damages

If you find for a Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against the particular Defendant you have found liable. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future. Each Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a particular Defendant. You may assess punitive damages only if you find that a particular Defendant's conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

– the reprehensibility of Defendant's conduct;

– the impact of Defendant's conduct on Plaintiff;

– the relationship between Plaintiff and Defendant;

– the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and

– the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A verdict form has been prepared for you. I will read it to you.

The Official Verdict Form will be brought to you in the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the Official Verdict Form, and all of you will sign it, reflecting your agreement with the verdict you as the jury have reached.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**IN THE UNITED STATES DISTRICT COURT**

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

| | |
|---|---|
| RAY A. FOX, by and through his Guardian | ) |
| ROSE FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 09 C 5453 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DAVID BARNES, CMT, OFFICER ROSALINE | ) |
| CURTIS, OFFICER MICHAEL BREWER, | ) |
| CONSTANTINE PETERS, J. PASQUA, | ) |
| MARLON BROWN, J. ENCARNACION, | ) |
| MICHAEL R. BORKOWSKI, JOSEPH P. | ) |
| SHEEHY, KAREN FRYER, JAMES F. BECKER, | ) |
| UNKNOWN CORRECTIONAL OFFICERS, and | ) |
| UNKNOWN MEDICAL PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

## PRELIMINARY JURY INSTRUCTIONS

Members of the jury, I will give you a preliminary overview of the law that relates to this trial that you, as the jury, are to apply to the facts in deciding this case. This overview is given to you at this time to help you better understand the parties' positions as the evidence is presented to you during the trial. Although this preliminary overview of the law is given to you now, it is the final instructions on the law that I will read to you before your deliberations that you should use in deciding the case.

At that time, I will give each of you a hard copy of the final instructions on the law and it is the final instructions on the law, as I said, that you should use in deciding the case.

The Plaintiff in this case is Ray Fox, a 49-year-old man from Chicago. He brings this case through his mother and guardian, Rose Fox. Mr. Fox was incarcerated at the Illinois Department of Corrections' Northern Reception and Classification Center from September 24, 2007, through October 7, 2007.

Wexford Health Sources, Inc. is a company that contracted to provide medical care to inmates at the NRC.

At the time he was admitted to the NRC, Mr. Fox had a history of seizures, for which he required anti-seizure medications.

Mr. Fox claims that employees of Wexford Health Sources, Inc. prescribed an inadequate dosage of his anti-seizure medication and ignored his requests for medication and medical attention. Mr. Fox further claims that certain correctional medical technicians and correctional officers ignored his requests for medication and medical attention. Mr. Fox claims that he was injured as a result of the defendants' conduct.

Wexford denies Mr. Fox's claims and asserts he was provided proper medication and medical care. Defendant correctional medical technicians and correctional officers deny that they ignored Fox's requests for medication and medical attention, and deny that any requests were made to them.

In a civil lawsuit like this one, the burden is on the party bringing the claim to prove every element of the claim by a "preponderance of the evidence." A preponderance of the evidence simply means evidence that persuades you that the claim is more probably true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof establishes each element of the claim by a preponderance of the evidence, then you should find for the party bringing that claim. If the proof fails to establish any element of the claim by a preponderance of the evidence, then you should find for the party against whom the claim was brought.

I will now discuss Plaintiff's claim that the defendants failed to provide him medical attention.

**Plaintiff Ray Fox's Eighth Amendment Claim for Failure to Provide Medical Attention**

**I.     Individual Defendants Barnes, Curtis, Brewer, Peters, Pasqua, Brown, Encarnacion, Borkowski, Sheehy, Fryer, and Becker**

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1.     Plaintiff had a serious medical need;

2.     The Defendant you are considering was deliberately indifferent to Plaintiff's serious medical need; and

3.     The conduct of the Defendant you are considering caused harm to Plaintiff.

The parties have stipulated that Plaintiff had a seizure disorder, and that Plaintiff's seizure disorder is a serious medical need. You must treat these facts as proven for the purposes of this case.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages.

When I use the term "deliberately indifferent," I mean that the Defendant you are considering actually knew of a substantial risk of serious harm, and yet consciously disregarded this risk by failing to take reasonable measures to deal with it. If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.

If you find that a particular Defendant strongly suspected that things were not as they seemed, yet shut his eyes for fear of what he would learn, you may conclude that he was deliberately indifferent. You may not conclude that a particular Defendant was deliberately indifferent if he was merely careless in failing to discover the truth.

**II.     Supervisor Constantine Peters**

In addition to Plaintiff's claim against Defendant Constantine Peters as an individual, Plaintiff has also brought a claim against Peters because of Peters's actions as a supervisor.

To succeed on his claim against Peters because of Peters's actions as a supervisor, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more of the staff Peters supervised was deliberately indifferent to Plaintiff's serious medical need;

2. Peters knew that the staff he supervised had a practice of ignoring inmates' serious medical needs or turned a blind eye to a serious risk that the staff would not respond reasonably to inmates' serious medical needs;

3. By allowing the staff to operate in this manner, Peters condoned or facilitated one or more staff member's failure to respond reasonably to Plaintiff's serious medical need;

4. As a result, Plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Peters, and you will not consider the question of damages.

## III.     Corporation Wexford Health Sources, Inc.

You must also consider whether Defendant Wexford Health Sources, Inc., a corporation, is liable for deliberate indifference to Plaintiff's serious medical need. Wexford is not liable simply because it employed or directed one of the persons who was deliberately indifferent to Plaintiff's serious medical need. Wexford may be liable in two different ways.

### A.     Official Policy or Custom

First, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1. Wexford's official policy, or Wexford's failure to adopt a policy, caused an unreasonable failure to address Plaintiff's serious medical need;

2. Dr. Constantine Peters, who is a policymaking official of Wexford, was aware of the risk of harm to the health of inmates such as Plaintiff created by Wexford's official policy, or Wexford's failure to adopt a policy; and

3. Dr. Constantine Peters, who is a policymaking official of Wexford, failed to take appropriate steps to protect Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should go on to consider whether Wexford is liable because of a failure to train (Part B below).

When I use the term "official policy," I mean:
- A rule, regulation, or policy passed, adopted, or ratified by Wexford;

- A decision or policy statement made by Dr. Constantine Peters, who is a policymaking official of Wexford; or

- A custom of failing to respond reasonably to the serious medical needs of inmates that is persistent and widespread, so that it is Wexford's standard operating procedure. A persistent and widespread pattern may be a custom even if Wexford has not formally approved it, so long as Plaintiff proves that Dr. Constantine Peters, who is a policymaking official of Wexford, knew of the pattern and allowed it to continue. This includes a situation in which Dr. Constantine Peters, who is a policymaking official of Wexford, must have known about a subordinate's actions or failures to act by virtue of Dr. Constantine Peters's position.

## B.      Failure to Train

Alternatively, Wexford is liable if Plaintiff proves each of the following things by a preponderance of the evidence:

1.      Wexford's training program was not adequate to train Wexford's employees or Department of Corrections officers to properly handle the serious medical needs of inmates;

2.      Dr. Constantine Peters, who is a policymaking official of Wexford, knew that more or different training was needed to avoid likely causing Wexford's employees or Department of Corrections officers to be deliberately indifferent to inmates' serious medical needs, or that this was obvious to Dr. Constantine Peters; and

3.      Wexford's failure to provide adequate training caused Wexford's employees or Department of Corrections officers  to be deliberately indifferent to Plaintiff's serious medical need.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a

preponderance of the evidence, then you should find for Defendant Wexford, and you will not consider the question of damages.

## The Question of Damages

If you find that a Plaintiff has proved any of his claims, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover and report the amount of damages on your verdict form. If you find that a Plaintiff has failed to prove any of his claims, then you will not consider the question of damages. I will instruct you on the law regarding damages at the end of the trial.

As I stated earlier, although this preliminary overview of the law is given to you now to help you better understand the evidence as it is presented at the trial, it is the final instructions on the law that I will read to you and physically give to you in the form of a hard copy for each of you that you should use in reaching your verdict as the jury in this trial.

In this case, the parties have already stipulated, or agreed, to certain facts in the Agreed Statement of Uncontested Facts, which has been given to you. You must now treat these agreed facts as having been proved for the purpose of this case.

As members of the jury, you may submit written questions for a witness to answer if you feel you need more information after the lawyers have finished questioning the witness. We do not expect you will have questions, but if you do, here is how the procedure works: After each witness has testified and the lawyers have asked all of their questions, if you have a question, you should write it down on a sheet of paper from your notebook, fold it over and hold it up. My clerk will retrieve it and then photocopy it, so I can speak with the lawyers about it as I must.

You may submit a question for a witness to clarify or help you understand the evidence. Our experience with juror questions indicates that a juror will rarely have more than a few questions for one witness, and there may be no questions for some witnesses.

If you submit a question, the court staff will provide it to me and I will share your question with the lawyers in the case. If your question is permitted under the rules of evidence, I will read your question to the witness so that the witness may answer it. In some instances, I may modify the form or phrasing of a question so that it is proper under the rules of evidence. On other occasions, I may not allow the witness to answer a question, either because the question cannot be asked under the law or because another witness is in a better position to answer the question. Of course, if I cannot allow the witness to answer a question, you should not draw any conclusions from that fact or speculate on what the answer might be.

Here are several important things to keep in mind about your questions for the witnesses:

First, all questions must be submitted in writing. Please do not ask questions orally of any witness.

Second, witnesses may not be recalled to the witness stand for additional juror questions, so if you have a question for a particular witness, you should submit it at the end of that witness's testimony.

Finally, as jurors you should remain neutral and open throughout the trial. As a result, you should always phrase any questions in a neutral way that does not express an opinion about the case or a witness.

Also, at various times during the trial the lawyers will address you. You will soon hear the lawyers' opening statements, and at the end of the trial you will hear their closing arguments. From time to time in between, the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence that was previously presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not themselves evidence.

I will now say a few words about your responsibilities as jurors.

First, it is your job to decide this case on the evidence presented here in court. You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards, social networking sites, such as Facebook, or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

09C5453 Ray A. Fox, by and through his guardian, Rose Fox vs. Dr. P. Ghosh et al.

Keep an open mind until then.

Finally, until this case is given to you for your deliberations and verdict, you are not to discuss the case with your fellow jurors.